IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 1 1 2006

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MOISES RODRIGUEZ, JESSE ALANIS, STEVE ALANIZ, JOHN BROWN, FRED BULPITT, ED BUTLER, CENDIE CHIMAOBI, CHRIS CLARK, ERIC DEAN, GERARDO DIMAS, JAMES DOUCETTE, SHANE EDWARDS, JESSE ESPINOSA, RICHARD FLORES, CHAUNCY GEORGE, STEPHEN GONZALES, JAMIE HERNANDEZ, JULIO HERNANDEZ, JOSE HERRERA, FREDERICK HORTON, LOUIS HORTON, TYLER INGRAM, BILLY JOLLY, MICHAEL KIE, ALLAN LAMB, MICHAEL LAMB, MATTHEW LOPEZ, ANTONIO LUJAN, JAVIER MARTINEZ, ALDEBARTO MARROQUIN, PATRICK MOSS, PATRICK O'ROURKE, RYAN POLLARD, DONALD PURDHOME, RICHARDO RAMOS, KIRK RICHARDSON, SERGIO RODRIGUEZ, CORNELIO SALINAS, JOSE SALINAS, VICTOR SALINAS, FRANCISCO SANDOVAL, TERRY SAVOY, LEROY SCHAPER, PEDRO SOLIS, EDWARD TROUT, JOHNNY VASQUEZ, RAMON VITAL, JASON WALKER, LEROY WALKER, JOHN WELLS, JASON WILLIAMSON, and NATHAN WOODARD<br><br>Plaintiffs.<br><br>VS.<br><br>BP AMOCO CHEMICAL COMPANY, BP PRODUCTS NORTH AMERICA, INC., and BP CORPORATION NORTH AMOERICA, INC.<br>Defendants. | G • 06 - 543<br><br>C.A. NO. _____<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME Plaintiffs Moises Rodriguez, Jesse Alanis, Steve Alaniz, John Brown, Fred

-1-

Bulpitt, Ed Butler, Cendie Chimaobi, Chris Clark, Eric Dean, Gerardo Dimas, James Doucette, Shane Edwards, Jesse Espinosa, Richard Flores, Chauncy George, Stephen Gonzales, Jamie Hernandez, Julio Hernandez, Jose Herrera, Frederick Horton, Louis Horton, Tyler Ingram, Billy Jolly, Michael Kie, Allan Lamb, Michael Lamb, Matthew Lopez, Antonio Lujan, Javier Martinez, Aldebarto Marroquin, Patrick Moss, Patrick O'rourke, Ryan Pollard, Donald Purdhome, Richardo Ramos, Kirk Richardson, Sergio Rodriguez, Cornelio Salinas, Jose Salinas, Victor Salinas, Francisco Sandoval, Terry Savoy, Leroy Schaper, Pedro Solis, Edward Trout, Johnny Vasquez, Ramon Vital, Jason Walker, Leroy Walker, John Wells, Jason Williamson, and Nathan Woodard complaining of Defendants BP AMOCO CHEMICAL COMPANY, BP PRODUCTS NORTH AMERICA, INC., BP AMOCO POLYMERS, INC., BP CORPORATION NORTH AMERICA, INC., and BP AMERICA, INC., and for cause of action would respectfully show this Honorable Court the following:

## I. PARTIES

1. Plaintiffs Moises Rodriguez, Jesse Alanis, Steve Alaniz, John Brown, Fred Bulpitt, Ed Butler, Cendie Chimaobi, Chris Clark, Eric Dean, Gerardo Dimas, James Doucette, Shane Edwards, Jesse Espinosa, Richard Flores, Chauncy George, Stephen Gonzales, Jamie Hernandez, Julio Hernandez, Jose Herrera, Frederick Horton, Louis Horton, Tyler Ingram, Billy Jolly, Michael Kie, Allan Lamb, Michael Lamb, Matthew Lopez, Antonio Lujan, Javier Martinez, Aldebarto Marroquin, Patrick Moss, Patrick O'rourke, Ryan Pollard, Richardo Ramos, Kirk Richardson, Sergio Rodriguez, Cornelio Salinas, Jose Salinas, Victor Salinas, Francisco Sandoval, Terry Savoy, Leroy Schaper, Pedro Solis, Edward Trout, Johnny Vasquez, Jason Walker, Leroy Walker, John Wells, Jason Williamson, and Nathan Woodard are individuals who live in Texas.

2.      Ramone Vital and Donald Purdhome are residents of the State of Louisiana.

3.      Defendant BP Amoco Chemical Company is a Delaware corporation doing business in Texas and may be served process by serving its registered agent, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4.      Defendant BP Products North America, Inc. is a Maryland corporation doing business in Texas and may be served process by serving its registered agent, Prentice Hall Corporation System, 701 Brazos Street, #1050, Austin, Texas 78701.

5.      Defendant BP Corporation North America, Inc. is an Indiana corporation doing business in Texas and may be served process by serving its registered agent, Prentice Hall Corporation System, 701 Brazos Street, #1050, Austin, Texas 78701.

6.      Defendant BP America, Inc. is a Deleware corporation doing business in Texas and may be served process by serving its registered agent, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

7.      Defendant INEOS Polymers, Inc. is a Delaware corporation doing business in Texas and may be served process by serving its registered agent, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201..

## II. JURISDICTION

8.      Plaintiffs are Texas residents. Defendants are foreign corporations with their principal places of business outside Texas. This controversy involves an amount in excess of $75,000, exclusive of interest and costs for each Plaintiff. Subject matter jurisdiction is therefore proper pursuant to 28 U.S.C. § 1332.

9. Plaintiffs' causes of action directly arise out of Defendants' repeated and substantial contacts with the State of Texas. This Court therefore has personal jurisdiction over Defendants.

### III. VENUE

10. The actions complained of in this case occurred in the Southern District of Texas, Galveston Division. Venue is therefore proper in this District.

### IV. SUMMARY OF FACTS

11. On or about March 23, 2005, Plaintiffs, while in the course and scope of their employment, or while near Defendants' plant, were injured as a result of an explosion that occurred at the BP Texas City Refinery/Chemical Plant ("BP Facility"). As a proximate result of the explosion, Plaintiffs suffered painful, severe, and permanent injuries.

### V. CAUSE OF ACTION - NEGLIGENCE

12. Defendants were negligent on the occasion in question and proximately caused Plaintiffs' injuries. Defendants on the occasion in question:

    a. caused or permitted to be caused an explosion at the BP facility;

    b. failed to maintain a safe work place;

    c. failed to have a reliable system or device at its BP facility to prevent the explosion;

    d. failed to perform work in a safe and prudent manner;

    e. failed to exercise reasonable and prudent care in the operations which were occurring at the BP facility on the date of the incident in question;

    f. failed to implement, follow and enforce proper operations procedures;

g. failed to implement, follow and enforce proper safety procedures;

h. failed to implement changes Defendants represented to the government they would implement; and

i. failed to implement, follow, and enforce proper hazard analysis.

## VI. AGENCY - EMPLOYMENT

13. The acts of negligence committed by Defendants' agents, servants and/or employees arose directly out of and was done in prosecution of the business that he/she was employed to do by his employer, who is therefore liable under the Doctrine of Respondeat Superior for the negligent actions of its employee.

## VII. RES IPSA LOQUITOR

14. Plaintiffs also invoke the doctrine of *Res Ipsa Loquitor*. Plaintiffs would show that the character of the event made the basis of this lawsuit is such that it would not ordinarily occur in the absence of negligence and that the instrumentality causing the injuries was under the management and control of Defendants.

## VIII. CAUSE OF ACTION - EXEMPLARY DAMAGES

15. The wrong done by Defendants was aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendants' conduct when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Plaintiffs seek exemplary damages in an amount within the jurisdictional limits of the court. Plaintiff would also show that Defendant had the sufficient intent to cause the normal punitive damages cap to be inapplicable. And,

importantly, Defendants' wrongful actions were not only negligent and grossly negligent, but also involved violations of law—again, causing the normal punitive damage cap in the State of Texas to be inapplicable.

## IX. DAMAGES

16. Plaintiffs, have suffered and will suffer, the following damages:

   a. pain and anguish in the past;

   b. pain and anguish in the future;

   c. medical expenses in the past;

   d. medical expenses in the future;

   e. loss of wages in the past;

   f. loss of wage earning capacity in the future;

   g. physical impairment in the past;

   h. physical impairment in the future;

   i. disfigurement in the past; and

   j. disfigurement in the future.

## X. JURY DEMAND

17. Plaintiffs respectfully demand a jury trial.

## XI. PRAYER FOR RELIEF

18. Plaintiffs request that Defendants be cited to appear and answer. Plaintiffs request that after final hearing, Plaintiffs have judgment against Defendants for:

   a. all damages to which Plaintiffs are entitled;

   b. pre-judgment and post-judgment interest at the legal rate;

   c. costs of court;

d. exemplary damages; and

e. all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: _____
ANTHONY G. BUZBEE
STATE BAR NO. 24001820
1910 Ice & Cold Storage Bldng.
104 21st Street (Moody Ave.)
Galveston, Texas 77550
Phone: 409-762-5393
Fax: 409-762-0538
www.txattorneys.com

ATTORNEYS FOR PLAINTIFF

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Moises Rodriguez, et al.

**DEFENDANTS**
BP Amoco Chemical Company, et al.

(b) County of Residence of First Listed Plaintiff   **Galveston**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

United States Courts
Southern District of Texas
FILED
AUG 1 1 2006
Michael N. Milby, Clerk of Court

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anthony G. Buzbee, The Buzbee Law Firm, 104 21st Street, Galveston, Texas 77550; 409.762.5393

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Pltfs injured in course and scope of employment in plant explosion at Defendants' facility.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  8/11/06
SIGNATURE OF ATTORNEY OF RECORD  *[signature: Anthony Buzbee]*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*[signature]*

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.